United States District Court
District of Connecticut
FILED AT NEW HAVEN

STATE OF CONNECTICUT

Robin D. Tabora, Clerk
By_____
Deputy Clerk

3:18MJ722-RMS

ss: New Haven, Connecticut

COUNTY OF NEW HAVEN                          May 4, 2018

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND WARRANT

I, Russell H. Frandsen, being duly sworn, depose and state as follows:

### BACKGROUND OF AFFIANT

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since December 5, 2017. I am currently assigned to the New Haven Division, Public Corruption Squad. I have gained knowledge and experience with regard to arrest warrants, arrest warrant affidavits, and probable cause through training provided to me at the FBI Academy in Quantico Virginia and through my legal education at an ABA accredited law school. Prior to my appointment as a Special Agent with the FBI, I was employed for approximately a year and a half as a licensed attorney at a private practice law firm specializing in commercial litigation, where I became very familiar with affidavits and other legal documents and processes.

2.  I make this affidavit in support of a Criminal Complaint and Arrest Warrant charging Joel C. Riley ("RILEY"), a 46-year old male born in 1971 who resides in Wallingford, Connecticut and has a social security number of xxx-xx-7561, with bankruptcy fraud, in violation of 18 U.S.C. § 157, identity theft, in violation of 18 U.S.C. § 1028(a)(7), conspiracy to commit the forgoing offenses, in violation of 18 U.S.C. § 371, and aiding and abetting, in violation of 18 U.S.C. § 2 (collectively, the "TARGET OFFENSES").

3.  Based on the facts set forth below, I believe there is probable cause to believe and I do believe that RILEY committed the TARGET OFFENSES in the District of Connecticut.

1

4.  The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement, my own investigation to include personal observations, documents and other investigative materials which I have reviewed, as well my training and experience as a Special Agent with the FBI. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that RILEY committed the TARGET OFFENSES.

## RELEVANT STATUTES

5.  18 U.S.C. § 157 prohibits a person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so, from filing a petition under Title 11 of the United States Code, which is the Title governing bankruptcy proceedings in United States Bankruptcy Court.

6.  18 U.S.C. § 1028(a)(7) prohibits a person from knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

7.  18 U.S.C. § 371 prohibits two or more persons from conspiring to commit any offense against the United States.

## THE INVESTIGATION AND PROBABLE CAUSE

8.  On or about June 6, 2017, an attorney (the "Attorney"), whose identity is known to me, electronically filed in the U.S. Bankruptcy Court for the District of Connecticut (the "Bankrtupcy Court") a Chapter 7 bankruptcy petition on behalf of an individual named Brittany Correa-Riley (the "Victim"). The bankruptcy petition listed unsecured debts of $277,179. Based on my investigation, I know that at the time, the Victim was RILEY's wife.

9.  On or about June 29, 2017, the Attorney filed a motion to dismiss the bankruptcy case after discovering that the Victim had not authorized the bankruptcy petition to be filed and someone claiming to be the Victim had used her identity to fraudulently file for bankruptcy in the Victim's name. The motion is publicly available from the Bankruptcy Court and I have reviewed the motion and its attachments.

10. According to the Attorney's motion to dismiss, on or about December 15, 2016, RILEY, who was a previous client, told the Attorney that his wife, the Victim, was ill. RILEY stated he had power of attorney and would like to file a bankruptcy petition on her behalf. The Attorney told RILEY that he needed to meet with the Victim in person so that he could confirm her identity prior to the signing of the bankruptcy documents, and the Attorney made several appointments to do so.

11. The Attorney's motion further stated on or about June 6, 2017, after several reported illnesses, hospital stays, and other delays, RILEY and a woman claiming to be the Victim met with the Attorney at his office. The woman presented a Connecticut Driver's License in the name of the Victim as identification. The parties reviewed and signed the petition, which the Attorney then electronically filed with the Bankruptcy Court.

12. The Attorney's motion further stated that on or about June 27, 2017, the Attorney received a voicemail from a woman who claimed to be Victim. The Victim claimed she had not

filed for Bankruptcy. On or about June 28, 2017, the Attorney met with the Victim who provided a notarized affidavit.

13. In the affidavit, which was attached to the motion to dismiss, the Victim stated that RILEY was her husband. She further stated that on or around June 6, 2017 (which was the same date on which RILEY and the woman claiming to be the Victim met with the Attorney), the Victim's identification was missing from her wallet. She further stated that the debts listed in the bankruptcy petition were not accounts that she had opened and that RILEY had impersonated her to obtain credit in the past.

14. That same day, on or about June 28, 2017, the Attorney received an email from an email address that he knew to be RILEY's email address. I have reviewed a copy of this email. The text of the email is as follows:

> [Attorney's First Name],
>
> I clearly owe you more than an apology and clearly have not been in the right frame of mind. I need to make this right. And I know that exposes myself (sic). You have done so much for me and I betrayed that. Please let me know what I can do to resolve this.
>
> Thank you.
>
> Joel

15. On or about June 29, 2017, the Attorney filed the motion to dismiss, discussed above, with the Court.

16. On or about July 19, 2017, the Bankruptcy Court held a hearing on the motion to dismiss. The Attorney, the Victim, and a representative from the United States Trustees Office participated in the hearing. RILEY was not present. A transcript of the hearing is publicly available at the Bankruptcy Court and I have reviewed a copy of the transcript. During the hearing, the Victim was placed under oath and testified that she is married to RILEY. She testified that she

learned of the bankruptcy petition in her name when she went to use a department store credit card. She further testified that her license was not in her possession when the petition was filed. In addition, she testified that the petition in her name was filed without her knowledge and authorization. Finally, she testified that other than a student loan, all of the other unsecured debt listed in the bankruptcy petition was not her debt.

17. On or about July 21, 2017, the Bankruptcy Court granted the motion to dismiss.

18. I have since spoken with the Victim. She indicated that she and RILEY are no longer married.

## CONCLUSION

19. Based on the aforementioned information and statements, I believe there is probable cause that from on or about December 15, 2016 to July 21, 2017, in the District of Connecticut, RILEY and another unknown individual committed the TARGET OFFENSES by devising and intending to devise a scheme or artifice to defraud the Victim, the Attorney, the Bankruptcy Court, and certain creditors listed in the bankruptcy petition, and for the purpose of executing or concealing the scheme or artifice or attempting to do so, used the Victim's identity, without her authorization, and caused a false bankruptcy petition to be filed in her name.

20. Therefore, I respectfully request that a criminal complaint and arrest warrant be issued to support the arrest of and to charge RILEY with the TARGET OFFENSES.

## REQUEST TO SEAL

21.     Because this application pertains to an ongoing criminal investigation, and because disclosure of the information contained herein as well as disclosure of the arrest warrant and criminal complaint being requested herein may compromise the investigation, increase the risk of harm for the law enforcement officers responsible for executing the warrant, and result in the flight of the targets of this investigation, the destruction of evidence, and the tampering with witnesses, I respectfully request that the criminal complaint and affidavit be ordered sealed until further order of the Court, except that copies may be provided to other law enforcements agents who are participating in this investigation, and copies may also be provided to counsel for RILEY following his arrest and prior to his initial appearance in court.

Special Agent Russell H. Frandsen
Federal Bureau of Investigation

Subscribed and sworn to before me this 4th day of May, 2018

__/s/ Robert M. Spector__
HON. ROBERT M. SPECTOR
UNITED STATES MAGISTRATE JUDGE